IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  CASE NO. 3:22-cr-14 (MTT) |
| | ) |
| PHILMON DESHAWN CHAMBERS | ) |
| and ANDREA PAIGE BROWNER, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Defendants Philmon DeShawn Chambers and Andrea Paige Browner, electing to proceed *pro se*, request compensation for expected trial expenses in this complex, multi-defendant case. Docs. 115; 126.

Chambers and Browner, as *pro se* defendants, are entitled to the same reimbursement mechanisms afforded to appointed counsel under the Criminal Justice Act ("CJA"). 18 U.S.C. § 3006A; 7 G*uide to Judiciary Policy, Defender Services*, pt. A, *Guidelines for Administering the CJA and Related Statutes*, ch. 3, § 310.10.30 (2022) ("CJA Guidelines"). Thus, Chambers and Browner "may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e)." CJA Guidelines § 310.10.30(a). Under 18 U.S.C. § 3006A(e)(1), a *pro se* defendant who is unable to afford investigative, expert, or other services necessary for adequate representation may request these services from the Court. Chambers and Browner's requests for these services must be made in an ex parte application

submitted *in camera*.[1]  18 U.S.C. § 3006A(e)(1); CJA Guidelines § 310.30(a).  In their applications, Chambers and Browner must show why the services requested are "necessary for adequate representation."  18 U.S.C. § 3006A(e)(1).  And when requesting investigative services, Chambers and Browner must indicate the purpose of the investigator, the witnesses the investigator will contact, the relevance of those witnesses, and the details of the leads that the investigator will need to pursue.  *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).[2]

Generally, compensation for investigative, expert, or other services is **limited to a maximum of $2,800.00 per service**, so long as Chambers and/or Browner request prior authorization for the services from the Court.  18 U.S.C. §§ 3006A(e)(3) & (5); CJA Guidelines § 310.20.10(a).  If Chambers and/or Browner *do not* request prior authorization from the Court, compensation for investigative, expert, or other services will be **limited to a maximum of $900.00 per service**.[3]  18 U.S.C. §§ 3006A(e)(2) & (5); CJA Guidelines § 310.20.30(a).

Because Chambers and Browner's requests for compensation (Docs. 115; 126) do not comply with the above requirements, those motions are **DENIED**.

---

[1] "Ex parte" means that the application will not require a response from the Government.  "*In camera*" means that the application will be subject to review only by the Court, not the Government.

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] For services sought *without* prior authorization, if Chambers and/or Browner request compensation above $900.00 per service, they must show "that timely procurement of necessary services could not await prior authorization."  18 U.S.C. § 3006A(e)(2)(B).  If Chambers and/or Browner request compensation above $2,800.00 for any service, with or without prior authorization, they must show that the amount requested is "necessary to provide fair compensation for services of an unusual character or duration."  *Id*. (e)(3).  Both the Court and the Eleventh Circuit must approve any amount in excess of $2,800.00.  *Id*.

Accordingly, Chambers and Browner are hereby **ORDERED** to submit ex parte applications, *in camera*, for necessary investigative, expert, or other services by **DATE**. In these applications, Chambers and Browner **MUST** (1) identify the particular services requested, (2) explain, with specificity, why those services are necessary, and (3) indicate the expected compensation required for each requested service.  Chambers and Browner **MUST title these applications**: "IN CAMERA MOTION FOR COMPENSATION FOR SERVICES."  Chambers and Browner are advised that the CJA does not authorize compensation for a defendant to hire his or her choice of counsel.

The Marshal is **DIRECTED** to personally serve copies of this Order on defendants Chambers and Browner.

**SO ORDERED**, this 20th day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
