IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| PHILMON DESHAWN CHAMBERS and ) ANDREA PAIGE BROWNER, ) | CASE NO. 3:22-cr-14 (MTT) |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

The Court construes multiple affidavits filed by defendant Philmon DeShawn Chambers and one affidavit filed by defendant Andrea Paige Browner as motions for various relief, and **DENIES** each, with the exception of their motions to compel, for the reasons stated below.  Docs. 81; 82; 86; 88; 89; 93; 99; 106; 125.

Chambers first alleges the Court lacks jurisdiction over him because he is "from the Empire of Morocco-Mu Amexem Al Moroc Northwest / North America-Turtle Island / 'The North Gate'" and thus a non-resident, he is an Aboriginal only subject to treaty, he has not contracted with the Government, he does not consent to participating in the "administrative process," and the Government is holding him hostage.  Docs. 81 at 1; 82 ¶ 3; 99 ¶¶ 1-2, 8, 11-12; 106 ¶¶ 2, 4-5.  Federal Rule of Criminal Procedure 12(b)(2) allows a defendant to move to dismiss based on lack of jurisdiction "at any time while the case is pending."  However, a "district court has subject matter jurisdiction over a criminal case so long as the indictment itself alleges a violation of a federal statute, regardless of any constitutional challenge to the criminal statute."  *United States v. Wilson*, 979 F.3d 889, 903 (11th Cir. 2020).  Here, the indictment alleges Chambers

violated various federal statutes.  Doc. 1.  And any argument Chambers makes regarding his residency is meritless.  The United States Constitution provides that "[t]he Trial of all Crimes … shall be held in the State where the said Crimes shall have been committed."  U.S. Const. art. III, § 2, cl. 3; *see also United States v. Hakim*, 2018 WL 6184796, at *8 (N.D. Ga. Aug. 22, 2018) (internal quotation marks and citation omitted) ("Under federal criminal law, personal jurisdiction exists in all criminal cases where the defendant is lawfully before the court.").  The crimes charged against Chambers in the indictment were allegedly committed within the Middle District of Georgia.  *See*, *e.g.*, Doc. 1 ¶¶ 1, 18, 21, 30, 31.  Therefore, the Court has jurisdiction and Chambers' affidavits (Docs. 81; 82; 99; 106), construed as motions to dismiss, are **DENIED**.

Next, Chambers asserts that the wiretaps conducted by the Government were "issued in error," are thus "fruit of a poisonous tree" in violation of the Fourth Amendment, and "must be suppressed."  Doc. 81 ¶¶ 7-12.  Chambers bases his argument on the allegation that the warrant for the wiretap was issued by a non-neutral and non-detached judge.  *Id*. ¶ 7.  However, Chambers has not established the grounds for these allegations and thus has not met his burden in proving that the wiretap "was in fact unlawful."  *United States v. de la Fuente*, 548 F.2d 528, 543 (5th Cir. 1977)[1]; *United States v. Giordano*, 416 U.S. 505 (1974); 18 U.S.C. §§ 2511, 2515-2518.  Accordingly, Chambers' affidavit (Doc. 82), construed as a motion to suppress, is **DENIED without prejudice**.

Third, Chambers requests an entry of default against the Government for its failure to respond to his numerous affidavits.  Docs. 86; 88; 89.  However, a clerk's entry

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of default is only available to plaintiffs in civil cases—not to a criminal defendant.  *See* Fed. R. Civ. P. 55.  Chambers' requests for an entry of default (Docs. 86; 88; 89) are thus **DENIED**.  His requests for "answers" from the Government to questions in his affidavits may be addressed at the March 28, 2023 hearing.

Fourth, Chambers requests billions of dollars from Jones County Jail staff based on alleged violations of his constitutional rights through tampering with his legal mail.  Doc. 106.  Any grievance Chambers has with Jones County Jail staff can be brought in accordance with the jail's grievance procedures or through the filing of a civil action.  Because the Court cannot address these allegations, Chambers' request (Doc. 106), construed as a motion for miscellaneous relief, is **DENIED**.

Finally, Chambers and Browner allege they have experienced complications in accessing the electronic discovery provided to them by the Government and have filed objections, which the Court construes as motions to compel.  Docs. 93; 99; 125.  The Government insists it has provided Chambers and Browner with the required discovery.  *See* Docs. 91; 119 at 10:15-24.  The Court will address any issues related to discovery at the March 28, 2023 hearing.  Accordingly, the Court defers ruling on Chambers and Browner's motions to compel (Docs. 93; 99; 125).

**SO ORDERED**, this 27th day of March, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT