IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 3:22-CR-14 (MTT) |
| ) | |
| PHILMON DESHAWN CHAMBERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED SCHEDULING ORDER AND CHANGING VENUE

On June 15, 2022, the Grand Jury returned a multi-defendant, multi-count indictment charging defendants Philmon DeShawn Chambers, Andrea Paige Browner, Lesley Chappell Green, Robert Maurice Carlisle, and Shabazz Larry Guidry. Doc. 1. On March 2, 2023, this case was continued to the April 3, 2023 term of court. Doc. 124. The Government and defendants Green, Carlisle, and Guidry have moved to continue the April trial setting to provide sufficient time for the parties to adequately prepare this complex case for trial.[1] Docs. 129; 131. Pro se defendants Chambers and Browner have not moved to continue. However, both Chambers and Browner have raised discovery issues, and have requested the Court's assistance in obtaining services in

---

[1] Because of the number of defendants and volume of discovery, the Court declared the case complex on August 16, 2022. Doc. 84. Specifically, "[t]his case involves a long-term electronic surveillance investigation in which thousands of wire and electronic communications were intercepted." Doc. 83 at 2. "The discovery … is voluminous and consists of approximately two terabytes of data and information." Doc. 131 ¶ 5. To adequately present this evidence, the Government "anticipates calling more than 50 witnesses to testify at trial" and estimates it will take four to six weeks to present its case-in-chief. *Id*. ¶ 7.

preparation for trial.[2]  Docs. 82; 93; 99; 115; 125; 126; 137.  They have not objected to a continuance.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants to a speedy trial.  Accordingly, the motions (Docs. 129; 131) are **GRANTED**.  The case is continued from the April term and is specially set for trial beginning **July 31, 2023**.  The corresponding delay shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*.

Furthermore, the trial will be held at the United States Courthouse in **Macon, Georgia**.  "A district court has discretion to fix the place of a trial in any division within the district, and [the Eleventh Circuit] review[s] the district court's decision only for abuse of discretion."  *United States v. Merrill*, 513 F.3d 1293, 1304 (11th Cir. 2008).  Rule 18 of the Federal Rules of Criminal Procedure requires the Court to "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  Fed. R. Crim. P. 18.  The "prompt administration of justice" allows the court to consider "matters of security" and "the timely disposition of the instant case and other cases."  *Merrill*, 513 F.3d at 1304 (quoting *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985); *In re Chesson*, 897 F.2d 156, 159 (5th Cir. 1990));  *see also United States v. Dees*, 603 F. App'x 777, 779 (11th Cir. 2015).

---

[2] Chambers and Browner filed improper motions seeking assistance.  Docs. 115; 126.  The Court has provided both defendants with information and instructions that will allow them to submit appropriate requests.  Doc. 137.

Here, the prompt administration of justice decisively favors holding the trial in Macon.  The defendants allegedly present a high-risk security threat.  Docs. 148; 149.  Specifically, the Government alleges that the defendants are part of a nationwide criminal gang organization, the Gangster Disciples, that is known to perpetrate violent crime and carry firearms.  Doc. 148.  The defendants' alleged crimes involve witness intimidation and elimination.  The Government alleges that Browner provided Chambers with information that lead Chambers to kill Rodriguez Rucker in retaliation for the murder of a fellow Gangster Disciples member.  Doc. 90 at 9:13-11:21.  Following the alleged murder of Rucker, Chambers and Browner fled to Texas, with the assistance of the nationwide network of Gangster Disciples members.  *Id*. at 12:18-14:19.  While evading arrest, Chambers allegedly ordered Green, Carlisle, and Guidry to kill Derrick Ruff and Joshua Jackson, who were also members of the Gangster Disciples, because Chambers believed they were cooperating with law enforcement.  *Id*. at 15:6-14.  And while housed in Gwinnett County Detention Facility on related state charges, Chambers allegedly sent a letter instructing "the intended recipient that everybody with an 'X' by their name" should be killed because they were "in some way cooperating with law enforcement."  Docs. 72 at 10; 149 at 3.  Five names on the list were marked with an "X."  Doc. 72 at 10-11.  Further, the Government reports that death threats have been leveled to influence Grand Jury testimony.  Doc. 149 at 3.  In short, there is substantial reason to believe that the trial of this case will present the risk of harm to witnesses, jurors, and court personnel.

Chambers and Browner have also repeatedly disrupted court proceedings.  At the January 11, 2023 hearing, Chambers refused to participate in court proceedings,

arguing that he was not subject to the Court's jurisdiction.  Docs. 119 at 11:3-13:2.  At the March 28, 2023 hearing, the Court was forced to remove Chambers and Browner from the courtroom for failing to comply with the Court's orders.  Doc. 149 at 2.  Additionally, Chambers is often accompanied by his mother and other supporting individuals who have interrupted court proceedings.  Docs. 119 at 13:24-15:11; 149 at 2; *see United States v. Green*, 2013 WL 4161797, at *1 (S.D. Ala. Aug. 15, 2013) (considering family members attendance at court proceedings).  Hence, the Government announced it will move the Court to seat an anonymous jury to ensure juror safety and to minimize juror intimidation.  Doc. 149 at 3.

Finally, due to the complexity of the case and the volume of discovery, the trial will take weeks to complete.  The Government has compiled "thousands of wire and electronic communications, significant forensic testimony, [and] reports from multiple state and federal jurisdictions."  Doc. 84 at 2.  The Government "anticipates calling more than 50 witnesses" and estimates that its case-in-chief alone will take approximately four to six weeks.  Doc. 131 ¶ 7.  Many of the anticipated witnesses are in-custody prisoners, which will require separating the in-custody defendants from the in-custody witnesses.  Doc. 148.

The Athens courthouse is not equipped to handle a trial of this length or with these security concerns.  The Athens courthouse has only one elevator and lacks both a prisoner sally port and a security fence.  *Id*.  The Athens courthouse has only two cells and one interview room for holding in-custody defendants and witnesses.  *Id*.  These limitations severely impair the ability to safely and securely move defendants, witnesses, jurors, and the public into, out of, and within the courthouse.  Furthermore,

the Athens courthouse only has one courtroom that is shared by two other District Court Judges and the Bankruptcy Court.  As a result, a lengthy jury trial would severely disrupt the timely disposition of other cases in the Athens division.

The Macon courthouse is far better equipped to handle a lengthy jury trial with the security issues posed by the case.  The Macon courthouse has a dedicated prisoner elevator, prisoner housing relatively close by, secure parking to coordinate prisoner movement, and a cellblock with three cells and three interview rooms.  *Id*.  The Macon courthouse also allows for live video conferencing, a necessity given the disruptive behavior of pro se defendants Chambers and Browner and the disruptive spectators that have attended prior courtroom proceedings.  Docs. 148; 149.  Additionally, the Macon courthouse has multiple courtrooms, which will ensure other cases are not delayed by a lengthy jury trial.  Doc. 148; *United States v. Pepe*, 747 F.2d 632, 648 (11th Cir. 1984) (considering courtroom space); *United States v. Benton*, 2021 WL 3438621, at *3 (S.D. Ga. Aug. 5, 2021) (same).  In sum, the prompt and secure administration of justice weighs strongly in favor of holding the trial in Macon.

As for the convenience of the defendants and witnesses, the Government and defendants Green, Carlisle, and Guidry do not object to the Court's decision to hold the trial in Macon.  Doc. 149 at 3.  And while the events giving rise to the alleged criminal acts mainly occurred in Athens, the majority of the witnesses are located outside of Georgia.  Doc. 131 ¶ 7.  Therefore, moving the trial from Athens to Macon "would impose no additional burden" on most witnesses.  *Merrill*, 513 F.3d at 1304.

For these reasons, the Court finds that the prompt, and particularly the safe, administration of justice compels the Court to try this case in Macon, and that interest

far outweighs the minimal inconvenience that will be caused to the defendants, their counsel, any alleged victims, and the witnesses. Accordingly, the trial will be held at the United States Courthouse in **Macon, Georgia** and is specially set for trial beginning **July 31, 2023.**

The Court amends and supplements the Standard Pretrial Order **only** as follows:

| Date | Event |
|---|---|
| 4/19/2023 | Motions, other than motions in limine, due. |
| 4/26/2023 | • Motion responses due.<br>• Government's expert notices due. |
| 5/10/2023 | Rule 404(b) notices due. |
| 5/24/2023 | Defense expert notices due. |
| 6/14/2023 | Motions hearing / status conference. |
| 6/27/2023 | Motions in limine due. |
| 7/11/2023 | • Proposed voir dire questions due **(limited to 20)**. Counsel are reminded that copies of juror questionnaires are available in the Clerk's Office. It is the responsibility of each attorney to review these questionnaires prior to trial. Voir dire questions may not repeat material contained in the questionnaires.<br>• Requests to Charge due.<br>• Proposed verdict form due.<br>• Motion in limine responses due. |
| 7/18/2023 | Voir dire objections due. |
| 7/25/2023 | Final pretrial conference. |
| 7/28/2023 | • Counsel shall email a proposed exhibit list and a proposed witness list to the courtroom deputy with a copy to opposing counsel at Kim_Tavalero@gamd.uscourts.gov no later than **NOON.**<br>• Electronic evidence files should be provided to the courtroom deputy no later than **NOON.** Please review the Court website page regarding courtroom technology http://www.gamd.uscourts.gov/technology, specifically the instructions concerning the Jury Evidence Recording System (JERS). |
| 7/31/2023 | Trial commences. |

Except as modified in this Order, the standard pre-trial order remains in effect.

-7-

**SO ORDERED,** this 3rd day of April, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
