**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **PHILMON CHAMBERS,** | : | |
| **Movant,** | : | |
| **v.** | : | **Criminal No. 3:22-cr-14-MTT-CHW-1** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **Proceedings Under 28 U.S.C. § 2255**<br>**Before the U.S. Magistrate Judge** |

**ORDER**

Movant Philmon Chambers, *pro se*, filed a motion for appointment of counsel in which he requests that the Court appoint counsel to file motion to resentence him based upon a recent U.S. Supreme Court case. (Doc. 560). Movant also summarizes why he should be resentenced. (*Id.*) Because Petitioner's appeal is complete (*see* (Docs. 542, 560)), the Court construes this letter as Petitioner's attempt to file a § 2255 motion. The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. However, Movant did not use the standard form petition for § 2255 motions. Therefore, the Court is unable to conduct this initial review of his motion at this time.

It is therefore **ORDERED** that Movant **RECAST** his § 2255 motion **within 30 days of the date of this order**, in which he must clearly enumerate all his grounds for habeas relief. If Movant fails to recast his motion, the pending motion (Doc.560) will be construed

as a § 2255 motion and Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Movant is also advised that if he fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or successive Section 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Movant with a copy of the required § 2255 form petition.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Movant's recast motion, if one is filed, or the original filing, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

*Movant's Request for Counsel*

To the extent that Movant seeks the appointment of counsel to assist him in filing a Section 2255 motion, such request is denied. No constitutional right to counsel exists in Section 2255 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The motion shows that Movant has an understanding of the issues he desires to raise in a § 2255 motion and Movant has otherwise failed to demonstrate that the interests of justice require the appointment of counsel prior to

recasting his Section 2255 motion. Accordingly, Movant's motion for appointment of counsel (Doc.560) is **DENIED**. Should it later become apparent to the Court that legal assistance is required to avoid prejudice to Movant's rights, then the Court, **on its own motion**, will assist Movant in securing counsel at that time.

**SO ORDERED and DIRECTED**, this 5th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge